## 48820. REA EXPRESS, INC. v. GINN et al.

EBERHARDT, Presiding Judge.

Plaintiff REA Express, Inc. brought a trover action against D. K. Ginn and William Blount d/b/a G & B Discount Sales to recover possession of "two electronic check detector mockups" claiming title by reason of having paid the shipper for loss of the goods on a claim made against it. Defendants answered, inter alia, that they were purchasers in good faith of the goods which had been sold to them at public sale by Delta Airlines to enforce a carrier's lien, and that pursuant to Uniform Commercial Code, § 109A-7—308 (4) they took the goods free of any claim of the plaintiff express company. The trial court, sitting without a jury, so found, and plaintiff appeals. *Held:*

1. Plaintiff contends that the testimony of Mr. Ray Anderson, who conducted the sale on Delta's behalf, to the effect that the goods were sold to satisfy Delta's carrier's lien, should have been ruled out, and that the court erred in finding that the goods were sold to enforce a carrier's lien, because Mr. Anderson did not know and could not testify that all the requirements of Uniform Commercial Code, § 109A-7—308 relative to notification of claimants, etc., had been met.

This contention is without merit as to a good-faith *purchaser* at such a sale. UCC § 7-308(4) provides that "A purchaser in good faith of goods sold to enforce a carrier's lien takes the goods free of any rights of persons against whom the lien was valid, *despite noncompliance by the carrier with the requirements of this section."* (Emphasis supplied.) This section is intended to give the carrier an enforcement procedure of its lien coextensive with that of the warehouseman in this type case (Comment, UCC § 7-308, 1962 Official Text), and the provisions of subsection 4 above are intended to confirm the title of good-faith purchasers at foreclosure sales and to secure more bidding and better prices. Comment 2, UCC § 7-210, 1962 Official Text. The evidence is undisputed that defendants here were purchasers in good faith as defined by UCC § 1-201 (19), and no error appears.

2. Remaining enumerations of error, even if

meritorious, would not require reversal in view of the above disposition.

*Judgment affirmed. Pannell, J., concurs. Evans J., concurs specially.*

ARGUED JANUARY 10, 1974 — DECIDED FEBRUARY 4, 1974 — REHEARING DENIED FEBRUARY 20, 1974.

*Webb, Parker, Young & Ferguson, Robert G. Young,* for appellant.

*Coggin, Haddon, Stuckey & Thompson, Fletcher Thompson,* for appellees.

EVANS, Judge, concurring specially.

Plaintiff filed an action in trover and the judge, sitting without the intervention of a jury, rendered a judgment in the lower court for defendant, and plaintiff appeals. The majority opinion in effect holds that because the undisputed evidence shows the property in question was sold under a carrier's lien and purchased by defendant, this precludes all other inquiry into title to the property.

Enumeration of error number two complains because the trial court refused to allow proof that defendants were in possession of the property, albeit this was admitted by them in their pleadings. The other enumerations of error are of similar import, that is, no advantage could be gained by plaintiff if the premise of the majority opinion is correct to the effect that the sale under carrier's lien, under Code Ann. § 109A-7—308 (4) of the Uniform Commercial Code passed absolute title to the purchaser.

I concur in the judgment.